

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
t 212 775 8700  f 212 775 8800

January 23, 2017

direct dial 212.775.8734

**VIA ECF**

The Hon. Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr. United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

           **Re:**   *Fair Housing Justice Center, Inc. et al. v. Ulster Savings Bank*
                    Civil Case No. 7:16-cv-08608-KMK – Request for Premotion Conference

Dear Judge Karas:

      This firm represents Defendant Ulster Savings Bank ("Defendant"). We write per Section II.A of Your Honor's Rules of Individual Practice to request a premotion conference on Defendant's proposed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**A.  Background.**

      This case involves alleged fair lending claims brought by a professional plaintiff, the Fair Housing Justice Center, Inc. ("FHJC") and three African American testers, Lisa Darden, Claude Jay Jones, and Adrienne Williamson (collectively "Plaintiffs").  FHJC engaged the individual Plaintiffs to pose as possible borrowers informally seeking information about mortgage loans before conducting home searches.  Plaintiffs conclude that they encountered race-based discrimination because their conversations with Defendant were not identical to those of white testers also engaged by FHJC.  However, the Complaint on its face discloses that FHJC did not create testing that would implicate fair lending laws and failed to design its tests to identify racially-motivated disparities. The Court should therefore dismiss all four of Plaintiffs causes of action asserted under: (1) the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"), (2) the Civil Rights Act of 1866-42 U.S.C. §1982 ("CRA"), (3) New York Executive Law§ 290 *et seq.* ("NYHRL"), and (4) Suffolk County Human Rights Law, Section 528 *et seq.* ("SCHRL").

**B.  The Complaint Fails to Allege Federal or State Fair Lending Claims Because It Fails to Allege Actual Credit Transactions or Loan Terms that Were Different or Unfair.**

      Plaintiffs' FHA, NYHRL, and SCHRL claims involve the same elements. *Echeverria v. Krystie Manor, LP*, No. CV 07-1369 (WDW), 2009 WL 857629, at *8 (E.D.N.Y. Mar. 30, 2009).  The FHA forbids race-based discrimination in "[t]he making or purchasing of loans or providing other financial assistance for purchasing … a dwelling … or secured by residential real estate."  42 U.S.C. § 3605 (b); 24 C.F.R. § 100.120(a) (covering discrimination in "making available loans or other financial assistance for a dwelling"); *see also* NY Exec L § 296-A(a) (requiring an application for credit) & (b) (requiring the granting or withholding of credit).  Under federal law, a borrower is deemed to submit a residential mortgage loan application if she provides (1) her name, (2) her income, (3) her Social Security number to pull her credit report, (4) a target property address, (5) an estimate of its value, and (6) the mortgage loan amount sought.  12 C.F.R. § 1026.19(e).

The Hon. Kenneth M. Karas
January 23, 2017
Page 2

Plaintiffs' FHA, NYHRL, and SCHRL claims fail under the text of these provisions because (1) Plaintiffs never applied for loans or other financial assistance because they never sought either loan prequalifications (i.e., preliminary terms based on provisional underwriting) or loan approvals from Defendant, and (2) the informal inquiries did not relate to a dwelling and in fact never identified any property in which Plaintiffs were interested. This case thus differs significantly from typical lending discrimination cases, which allege that a lender either declined to consider certain applicants for credit or offered those applicants less favorable loan terms. *See, e.g., Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 280 (S.D.N.Y. 2011) (alleging targeting for higher cost loans or inferior loan terms); *Adkins v. Morgan Stanley*, 307 F.R.D. 119, 125 (S.D.N.Y. 2015), *aff'd*, 656 F. App'x 555 (2d Cir. 2016). Decisional authority does not support Plaintiffs' attempt to create a new kind of discrimination claim.

## C. The Complaint Fails to Allege State or Federal Fair Lending Claims Because It Fails to Plausibly Allege Testing Designed to Reveal Racial Discrimination.

Plaintiffs' FHA, NYHRL, and SCHRL claims assert that Defendant withheld information from the African American testers or provided different or inaccurate information to those testers due to race. But the Complaint fails to allege testing that would provide evidence of these assertions. Diverging from 12 C.F.R. § 1026.19(e), FHJC identifies only four criteria that it included in each tester's lending profile: (1) income, (2) "available" savings, (3) existing debt obligations, and (4) unverified credit scores. But the Complaint does not allege that the testers presented consistent information about other borrower inputs that might affect the possible loan products the Defendant's mortgage specialists presented, including each respective tester's comfort level with using savings to make a down payment (and in what amount), the geographical areas of interest to her, her reported current housing expenses and whether she expected to pay more for housing after purchasing a home, and her individual risk tolerance. The Complaint also is bereft of allegations that Plaintiffs sought information that would provide apples-to-apples comparisons among tester experiences (such as maximum possible loan amounts, potentially available loan products, and the possibility of borrowing more than the mortgage specialists initially presented), and instead alleges only that FHJC trained the testers to ask what home price and loan amount the tester "could afford" based on their financial characteristics, some of which, again, were open to subjective interpretation and presentation by the testers. (Compl. ¶ 35.) Plaintiffs thus fail to supply the requisite "[f]act-specific allegations of a causal link between the defendant's actions and the plaintiff[s'] race." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 296 (S.D.N.Y. 2011).

Full briefing is needed to explain how FHJC's testing fails the *Twombly/ Iqbal* standard in each alleged instance, but four examples illustrate Plaintiffs' inability to plausibly allege that their test results show discrimination instead of appropriate, legal distinctions based on customer preferences. <u>First</u>, the Complaint asserts that white testers Devaney and Hickey received information about different municipalities than plaintiffs Darden and Jones, but it is devoid of any indication that the borrowers presented similar (or similarly failed to present) geographic preferences. (Compl. ¶¶ 38 – 59.) <u>Second</u>, although differing *ad valorem taxes* would impact the testers' monthly mortgage payments and their ultimate loan amounts, there is no allegation that the testers provided uniform information about what they wanted those taxes or monthly mortgage payments – and therefore their loan amounts – to be. (*Id*. ¶¶ 47-48, 57 (demonstrating that the mortgage specialists discussed localities in the context of their respective tax rates).) <u>Third</u>, the Complaint acknowledges that plaintiff Jones' reported monthly rent payment was a factor in his discussions about possible loan amounts (*Id*. ¶ 72), which the Complaint alleges were less than the amounts discussed with a white tester, Ms. Haggerty. But the Complaint provides no context for the rent-related allegations. Did these testers (or any paired testers)

The Hon. Kenneth M. Karas
January 23, 2017
Page 3

report having the same rent payment? Did Mr. Jones (or any other tester) say anything about his existing rent payment that might impact a proposed loan amount? <u>Fourth</u>, Plaintiffs allege that Defendant quoted different interest rates, but it fails to allege the prevailing rates for the related products on the different dates that the testers visited. (*See id.* at ¶ 50.) Plaintiffs thus fail to plausibly assert that they received different information based on race.

Plaintiffs' remaining allegations do not cure the deficiencies of their invalid testing protocol. The HMDA data referenced in the Complaint "do not [alone] prove lending discrimination [because they] do not contain enough information on major credit-related factors, such as employment and credit histories." Department of Housing and Urban Development, et al., *Policy Statement on Discrimination in Lending*, 59 Fed. Reg. 18266-01, 18270 (effective April 15, 1994). Nor can Plaintiffs legitimately take issue with the locations of Defendant's branches and loan offices. Publicly available examination documents prepared by Defendant's regulators, of which this Court has judicial notice, show that Defendant has received satisfactory ratings for meeting the needs of the local community in which it is chartered. *See, e.g.,* https://www5.fdic.gov/crapes.

**D. The Same Deficiencies Defeat Plaintiffs' Putative CRA Claim.**

To plead a CRA claim, Plaintiffs must allege intentional, racially-motivated interference with a right to "inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982; *Grimes*, 785 F. Supp. 2d at 295; *Ng v. HSBC Mortg. Corp.*, No. 07-CV-5434 RRM/VVP, 2010 WL 889256, at *12 (E.D.N.Y. Mar. 10, 2010). As is explained above, Plaintiffs have not plausibly alleged a deprivation of any real property rights, discriminatory intent, or discriminatory conduct.

**E. Conclusion.**

Even frivolous assertions of discrimination are damaging to the institutions and individuals accused of such conduct. Without prior notice to Defendant, Plaintiffs filed this fatally flawed action, issued a press release, and then provided additional information to the media in the absence of any determination that their claims are meritorious. Rules 8 and 12 protect against such "a largely groundless claim … tak[ing] up … time …. with the right to do so representing an *in terrorem* increment of the settlement value." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citations and internal quotation marks omitted). We thus ask that this Court: (1) conduct a premotion conference, (2) permit Defendant to fully brief the arguments and authorities that support dismissal; (3) dismiss the Complaint with prejudice or require Plaintiffs to attempt to re-plead and make sufficiently definite and plausible factual and legal assertions, and (4) postpone costly and unnecessary discovery pending a determination of whether Plaintiff has stated legally viable claim theories.

Respectfully submitted,

*/s/ Ian M. Goldrich*          */s/ Joseph S. Dowdy*

Ian M. Goldrich               Joseph S. Dowdy
                              (pro hac motion forthcoming)

cc:   Mariann Meier Wang, Esq., Counsel for Plaintiffs (via ECF)
      Alice Goldman Reiter, Esq., Counsel for Plaintiffs (via ECF)