**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FAIR HOUSING JUSTICE CENTER, INC.; LISA
DARDEN; CLAUDE JAY JONES; and ADRIENNE
WILLIAMS,

                        Plaintiffs,

       v.

ULSTER SAVINGS BANK,

                      Defendant.

7:16-cv-08608-KMK-PED

---

## ANSWER TO COMPLAINT

Defendant Ulster Savings Bank ("Ulster Savings"), acting by and through its undersigned counsel, as and for its Answer to the Complaint of Plaintiffs Fair Housing Justice Center, Inc. ("FHJC"), Lisa Darden ("Darden"), Claude Jay Jones ("Jones"), and Adrienne Williams ("Williams"), (collectively, "Plaintiffs"), states as follows:

### RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT

In response to the individually numbered paragraphs of Plaintiffs' Complaint and Demand for Jury Trial, Defendant alleges and states as follows:

1.      Ulster Savings admits that it is a financial institution whose business includes mortgage lending. Paragraph 1 further appears to refer to documents, the contents of which speak for themselves, and Ulster Savings denies the allegations of Paragraph 1 to the extent they are inconsistent with the content of such documents. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 1.

2.      Ulster Savings denies the allegations of Paragraph 2.

3.      Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 3 concerning Plaintiffs' alleged "extensive investigation spanning

1

two years" and, therefore, denies the same. Ulster Savings denies the remaining allegations of Paragraph 3.

4.      Ulster Savings denies the allegations of Paragraph 4.

5.      Paragraph 5 appears to refer to documents, the contents of which speak for themselves, and Ulster Savings denies the allegations of Paragraph 5 to the extent they are inconsistent with the content of such documents. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 5.

6.      Ulster Savings denies the allegations of Paragraph 6.

7.      Ulster Savings denies that the allegations of Paragraph 7 are applicable to or refer to Ulster Savings.  To the extent they are deemed to refer to Ulster Savings, the allegations of Paragraph 7 are denied.

8.      Plaintiffs state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 8. Ulster Savings denies the remaining allegations of Paragraph 8.

9.      Paragraph 9 states legal conclusions to which no response is required, but to the extent a response is deemed required, Ulster Savings admits that the Court has subject matter jurisdiction of this action so long as Plaintiffs have and maintain standing to pursue the action. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 9.

10.      Paragraph 10 states legal conclusions to which no response is required, but to the extent a response is deemed required, Ulster Savings admits that venue of this action rests in this Court.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 10.

11.      Ulster Savings admits that Plaintiffs demand a jury trial.

2

12.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 12 concerning FHJC and therefore denies the same.  Ulster Savings denies all remaining allegations of Paragraph 12.

13.     Ulster Savings admits, upon information and belief, that Plaintiff Darden acted as an FHJC tester of Ulster Savings.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning Ms. Darden's residency, background, and employment information, and therefore, denies the same. Ulster Savings denies all remaining allegations of Paragraph 13.

14.     Ulster Savings admits, upon information and belief, that Plaintiff Jones acted as an FHJC tester of Ulster Savings.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning Mr. Jones' residency, background, and employment information, and therefore, denies the same. Ulster Savings denies all remaining allegations of Paragraph 14.

15.     Ulster Savings admits, upon information and belief, that Plaintiff Williams acted as an FHJC tester of Ulster Savings.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning Ms. Williams' residency, background, and employment information, and therefore, denies the same. Ulster Savings denies all remaining allegations of Paragraph 15.

16.     Ulster Savings admits that it was founded in 1851 as Ulster County Savings Institution, that it is registered and regulated by the State of New York; that it has its headquarters at 180 Schwenk Drive, Kingston, New York, 12401; that it currently has approximately 14 bank branches and mortgage lending offices that are located in Orange, Dutchess, Suffolk, and Westchester Counties; that it currently has 15 mortgage specialists who

3

have physical office locations in Kingston, Poughkeepsie, Red Hook, Wappingers Falls, Goshen, White Plains and Riverhead and have space to meet with customers in the Newburg Office; and that the mortgage specialists were hired, trained, supervised, and subject to discipline by Ulster Savings, and that Ulster Savings closed the completed mortgage loans originated by the mortgage specialists based on the information provided to Ulster Savings. Ulster Savings denies the allegations of Paragraph 16 to the extent it states or implies that the mortgage specialists are unavailable to meet with potential borrowers in other locations.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 16.

17.     Ulster Savings admits that it employs or formerly employed David Catalano, Margaret O'Connor, Jack Fanning, Susan Boersema, Shawn Simmons, and Mike Kienle as mortgage specialists and that these mortgage specialists are or were responsible for originating residential mortgage loans. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 17.

18.     Ulster Savings admits the allegations of Paragraph 18.

19.     Ulster Savings admits that it has an office located at 39 Burnett Road, Poughkeepsie, New York 12603, that Shawn Simmons is a mortgage specialist and has an office at and covers that location, and that Michael Kienle was a mortgage specialist and that he had an office at and covered this location; and that Messrs. Simmons and Kienle are or were employees of Ulster Savings.  Messrs. Simmons and Kienle are or were limited to consulting with potential borrowers in Dutchess County. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 19.

20.     Ulster Savings admits that it has an office located at 7 Coates Drive, Goshen, New York 10924, that Jack Fanning and Susan Boersema are mortgage specialists and have offices at

4

and cover this location, and that they are employees of Ulster Savings.  Ulster Savings denies that they were limited to consulting with potential borrowers in Orange County. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 20.

21.     Ulster Savings admits that it has an office located at 633 E. Main Street, Riverhead, New York 11901, that David Catalano is a mortgage specialist and has an office at and covers that location, and that Mr. Catalano is an employee of Ulster Savings.  Ulster Savings denies that he was limited to consulting with potential borrowers in Suffolk County. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 21.

22.     Ulster Savings admits that it has an office located at 399 Knollwood Road, Suite 202, White Plains, New York 10603, that Margaret O'Connor has an office at and covers that location, and that Ms. O'Connor is an employee of Ulster Savings.  Ulster Savings denies that she was limited to consulting with potential borrowers in Westchester County.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 22.

23.     Ulster Savings admits that it was founded in 1851, has locations throughout the Hudson Valley, and opened a branch in Newburgh in 2013. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 23.

24.     Ulster Savings admits that its mortgage specialists work out of offices in Kingston, Poughkeepsie, Red Hook, Wappingers Falls, Goshen, White Plains and Riverhead and have space to meet with customers in the Newburg Office, but denies the allegations of Paragraph 24 to the extent they state or imply that the mortgage specialists are unable or unwilling to assist or to meet with borrowers in other locations. Ulster Savings admits that it has expanded over time and has opened mortgage lending offices in Westchester County and in Long Island.  Ulster Savings denies that its mortgage specialists are unable or unwilling to assist

5

potential borrowers in urban areas.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 24.

25.     Paragraph 25 refers to documents, the contents of which speak for themselves, and Ulster Savings denies the allegations of Paragraph 25 to the extent they are inconsistent with the content of such documents. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 25.

26.     Ulster Savings denies the allegations of Paragraph 26.

27.     Ulster Savings admits that it provides trainings, policies and related materials to its mortgage specialists concerning compliance with applicable laws, that it directs its employees to comply with such laws, and that it oversees and supervises their compliance to help ensure the quality of their work and their compliance with such laws, which includes the ability to discipline employees for problems with the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 27.

28.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 28 and, therefore, denies the same.

29.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 29 and, therefore, denies the same.

30.     Ulster Savings admits, on information and belief, that FHJC dispatches testers. Ulster Savings lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 30 and, therefore, denies the same.

31.     Ulster Savings admits, upon information and belief, that FHJC hired the referenced persons as testers.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 31 and, therefore, denies the same.

12637043V.5 101852/1029858

32.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 32 and, therefore, denies the same.

33.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 33 and, therefore, denies the same.

34.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 34 and, therefore, denies the same.

35.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 35 and, therefore, denies the same.

36.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 36 and, therefore, denies the same.

37.     Ulster Savings admits that FHJC testers visited the Riverhead Office. Ulster Savings denies the remaining allegations of Paragraph 37.

38.     Ulster Savings admits, upon information and belief, that Laurel Devaney visited Ulster Savings and spoke with the referenced mortgage specialist.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning what instructions FHJC provided to Ms. Devaney and, therefore, denies the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 38.

39.     Ulster Savings admits, upon information and belief, that Plaintiff Lisa Darden visited Ulster Savings and spoke with the referenced mortgage specialist.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning what instructions FHJC provided to Ms. Darden and, therefore, denies the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 39.

7

40.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 40 and, therefore, denies the same.

41.     Ulster Savings denies the allegations of Paragraph 41.

42.     Ulster Savings denies that Paragraph 42 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 42 were discussed, but denies that Paragraph 42 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 42.

43.     Ulster Savings denies the allegations of Paragraph 43.

44.     Ulster Savings denies that Paragraph 44 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 44 were discussed, but denies that Paragraph 44 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 44.

45.     Ulster Savings denies that Paragraph 45 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 45 were discussed, but denies that Paragraph 45 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 45.

46.     Ulster Savings denies that Paragraph 46 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 46 were discussed, but denies that Paragraph 46 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 46.

47.     Ulster Savings denies that Paragraph 47 accurately reflects the communications it purports to reference.  Ulster Savings admits that, based on information provided by the tester, the mortgage specialist discussed different municipalities in the context of how their respective tax rates might impact a monthly mortgage payment.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 47.

48.     Ulster Savings denies that Paragraph 48 accurately reflects the communications it purports to reference.  Ulster Savings admits that, based on information provided by the tester, the mortgage specialist discussed different municipalities in the context of how their respective tax rates might impact a monthly mortgage payment. Except as expressly admitted, herein, Ulster Savings denies the allegations of Paragraph 48.

49.     Paragraph 49 refers to documents or public records, the contents of which speak for themselves, and Ulster Savings denies the allegations of Paragraph 49 to the extent they are inconsistent with the content of such documents. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 49.

50.     Ulster Savings denies that Paragraph 50 accurately reflects the communications it purports to reference.  Ulster Savings admits that the mortgage specialist discussed points, but denies that Paragraph 50 accurately presents them, provides the context for how they were

discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 50.

51.     Ulster Savings admits, upon information and belief, that Bryan Hickey visited Ulster Savings and spoke with the referenced mortgage specialist.   Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning what instructions FHJC provided to Mr. Hickey and, therefore, denies the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 51.

52.     Ulster Savings admits, upon information and belief, that Plaintiff Jones visited Ulster Savings and spoke with the referenced mortgage specialist.   Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning what instructions FHJC provided to Mr. Jones and, therefore, denies the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 52.

53.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 53 and, therefore, denies the same.

54.     Ulster Savings denies that Paragraph 54 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 54 were discussed, but denies that Paragraph 54 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 54.

55.     Ulster Savings denies the allegations of Paragraph 55.

56.     Ulster Savings denies that Paragraph 56 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan

terms, or figures referenced in Paragraph 56 were discussed, but denies that Paragraph 56 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 56.

57.     Ulster Savings denies that Paragraph 57 accurately reflects the communications it purports to reference.  Ulster Savings admits that, based on information provided by the tester, the mortgage specialist discussed different municipalities in the context of how their respective tax rates might impact a monthly mortgage payment.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 57.

58.     Paragraph 58 refers to documents or public records, the contents of which speak for themselves, and Ulster Savings denies the allegations of Paragraph 58 to the extent they are inconsistent with the content of such documents. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 58.

59.     Ulster Savings denies that Paragraph 59 accurately reflects the communications it purports to reference.  Ulster Savings admits that it informed Mr. Jones of the availability of loan prequalification, and the requirements therefor. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 59.

60.     Ulster Savings admits that FHJC testers visited the White Plains Office. Ulster Savings denies the remaining allegations of Paragraph 60.

61.     Ulster Savings admits, upon information and belief, that Vanessa Dawson visited Ulster Savings and spoke with the referenced mortgage specialist.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning what

instructions FHJC provided to Ms. Dawson and, therefore, denies the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 61.

62.     Ulster Savings admits, upon information and belief, that Plaintiff Darden visited Ulster Savings and spoke with the referenced mortgage specialist.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning what instructions FHJC provided to Ms. Darden and, therefore, denies the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 62.

63.     Ulster Savings lacks sufficient information to form a belief concerning the allegations of Paragraph 63 and therefore denies the same.

64.     Ulster Savings denies that Paragraph 64 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 64 were discussed, but denies that Paragraph 64 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 64.

65.     Ulster Savings denies that Paragraph 65 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 65 were discussed, but denies that Paragraph 65 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 65.

66.     Ulster Savings denies that Paragraph 66 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan

terms, or figures referenced in Paragraph 66 were discussed, but denies that Paragraph 66 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 66.

67.     Ulster Savings admits that FHJC testers visited the Goshen Office. Ulster Savings denies the remaining allegations of Paragraph 67.

68.     Ulster Savings admits, upon information and belief, that Kate Haggerty visited Ulster Savings and spoke with the referenced mortgage specialist.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning what instructions FHJC provided to Haggerty and, therefore, denies the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 68.

69.     Ulster Savings admits, upon information and belief, that Plaintiff Jones visited Ulster Savings and spoke with the referenced mortgage specialist.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning what instructions FHJC provided to Mr. Jones and, therefore, denies the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 69.

70.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 70 and, therefore, denies the same.

71.     Ulster Savings denies that Paragraph 71 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 71 were discussed, but denies that Paragraph 71 accurately presents them, provides the context for how they were discussed or the data or other

information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 71.

72.     Ulster Savings denies that Paragraph 72 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 72 were discussed, but denies that Paragraph 72 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 72.

73.     Ulster Savings denies that Paragraph 73 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 73 were discussed, but denies that Paragraph 73 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 73.

74.     Ulster Savings denies that Paragraph 74 accurately reflects the communications it purports to reference.  Ulster Savings admits that, based on information provided by the tester, the mortgage specialist discussed different municipalities in the context of how their respective tax rates might impact a monthly mortgage payment.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 74.

75.     Ulster Savings admits that FHJC testers visited the Poughkeepsie Office. Ulster Savings denies the remaining allegations of Paragraph 75.

76.     Ulster Savings admits, upon information and belief, that Barbara Tirrell visited Ulster Savings and spoke with the referenced mortgage specialist.  Ulster Savings lacks

14

sufficient information to form a belief as to the veracity of the allegations concerning what instructions FHJC provided to Ms. Tirrell and, therefore, denies the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 76.

77.     Ulster Savings admits, upon information and belief, that Plaintiff Williams visited Ulster Savings and spoke with the referenced mortgage specialist.  Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations concerning what instructions FHJC provided to Ms. Williams and, therefore, denies the same.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 77.

78.     Ulster Savings lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 78 and, therefore, denies the same.

79.     Ulster Savings denies that Paragraph 79 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 79 were discussed, but denies that Paragraph 79 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 79.

80.     Ulster Savings denies that Paragraph 80 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 80 were discussed, but denies that Paragraph 80 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them. Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 80.

81.     Ulster Savings denies that Paragraph 81 accurately reflects the communications it purports to reference.  Ulster Savings admits that some or all of the scenarios, tentative loan terms, or figures referenced in Paragraph 81 were discussed, but denies that Paragraph 81 accurately presents them, provides the context for how they were discussed or the data or other information provided by the testers that related to or led to them.  Except as expressly admitted, Ulster Savings denies the allegations of Paragraph 81.

82.     Ulster Savings denies that Paragraph 82 accurately reflects the communications it purports to reference.  Ulster Savings admits that, based on information provided by the tester, the mortgage specialist discussed different municipalities in the context of how their respective tax rates might impact a monthly mortgage payment.  Except as expressly admitted herein, Ulster Savings denies the allegations of Paragraph 82.

83.     Ulster Savings denies the allegations of Paragraph 83.

84.     Ulster Savings denies the allegations of Paragraph 84.

85.     Ulster Savings denies the allegations of Paragraph 85.

86.     Ulster Savings denies the allegations of Paragraph 86.

87.     Ulster Savings denies the allegations of Paragraph 87.

88.     Ulster Savings denies the allegations of Paragraph 88.

89.     Ulster Savings denies the allegations of Paragraph 89.

90.     Ulster Savings denies the allegations of Paragraph 90.

91.     Ulster Savings denies the allegations of Paragraph 91.

92.     Ulster Savings incorporates by reference its responses to all of the allegations of the paragraphs as if fully set forth herein.

93.     The allegations of Paragraph 93 state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 93.

94.     The allegations of Paragraph 94 state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 94.

95.     The allegations of Paragraph 95 state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 95.

96.     The allegations of Paragraph 96 state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 96.

97.     The allegations of Paragraph 97 state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 97.

98.     The allegations of Paragraph 98 state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 98.

99.     The allegations of Paragraph 99 state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 99.

100.    Ulster Savings denies the allegations of Paragraph 100.

101.    Ulster Savings denies the allegations of Paragraph 101.

12637043V.5 101852/1029858

102.     Ulster Savings incorporates by reference its responses to all of the allegations of the paragraphs as if fully set forth herein.

103.     The allegations of Paragraph 103 state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 103.

104.     Ulster Savings denies the allegations of Paragraph 104.

105.     Ulster Savings denies the allegations of Paragraph 105.

106.     Ulster Savings denies the allegations of Paragraph 106.

107.     Ulster Savings incorporates by reference its responses to all of the allegations of the paragraphs as if fully set forth herein.

108.     The allegations of Paragraph 108 state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 108.

109.     Ulster Savings denies the allegations of Paragraph 109.

110.     Ulster Savings denies the allegations of Paragraph 110.

111.     Ulster Savings denies the allegations of Paragraph 111.

112.     Ulster Savings denies the allegations of Paragraph 112.

113.     Ulster Savings denies the allegations of Paragraph 113.

114.     Ulster Savings incorporates by reference its responses to all of the allegations of the paragraphs as if fully set forth herein.

115.     Plaintiffs state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 115.

116.    Plaintiffs state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 116.

117.    Plaintiffs state legal conclusions to which no response is required, and to the extent that a response is required, Ulster Savings denies the allegations of Paragraph 117.

118.    Ulster Savings denies the allegations of Paragraph 118.

119.    Ulster Savings denies the allegations of Paragraph 119.

120.    Ulster Savings denies the allegations of Paragraph 120.

Plaintiffs' Prayer for Relief.  Ulster Savings denies the allegations set out in Plaintiffs' Prayer for Relief to the extent such paragraph may be deemed to contain any factual allegations, denies that Plaintiffs are entitled to the relief set forth therein, and denies that Plaintiffs are entitled to any relief at all from Ulster Savings.

## AFFIRMATIVE DEFENSES

Ulster Savings asserts the following affirmative defenses without assuming the burden of proof for the same when that burden would otherwise lie with Plaintiffs.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs are not "aggrieved persons" within the meaning of the FHA.

## THIRD DEFENSE

Ulster Savings' decisions, actions, and statements at all times were based on legitimate, non-discriminatory reasons.

## FOURTH DEFENSE

Ulster Savings did not make unavailable or deny a loan to any person because of race,

19

color, or national origin.

## FIFTH DEFENSE

Ulster Savings did not make any statements with respect to the sale of a dwelling that indicated a preference, limitation, or discrimination based on race, color, or national origin, or an intention to make any such preference, limitation, or discrimination.

## SIXTH DEFENSE

Ulster Savings did not act with discriminatory intent or malice.

## SEVENTH DEFENSE

Ulster Savings' practices did not have a discriminatory effect.

## EIGHTH DEFENSE

Plaintiffs fail to state a cause of action on which relief may be granted because the Complaint alleges no facts showing that Plaintiffs sustained injuries.

## NINTH DEFENSE

Plaintiffs are not entitled to punitive damages because Ulster Savings did not act with malicious intent or reckless or callous disregard of or indifference to Plaintiffs' rights.

## TENTH DEFENSE

Some or all of Plaintiffs' purported causes of action against Ulster Savings are barred because Ulster Savings complied with applicable law.

## ADDITIONAL DEFENSES AND RESERVATION OF RIGHTS

Ulster Savings reserves the right to assert any additional defenses that become known to it during the course of this action.

12637043V.5 101852/1029858

## PRAYER FOR RELIEF

WHEREFORE, Defendant Ulster Savings Bank ("Ulster Savings") respectfully prays that the Court grant the following relief:

1.      Dismiss Plaintiffs' putative claims against Ulster Savings, with prejudice, and that Plaintiffs have and recover nothing from Ulster Savings;

2.      Tax the costs of this action against Plaintiffs;

3.      Order that Ulster Savings recover its costs, including reasonable attorneys' fees, as may be provided by law; and

4.      Grant Ulster Savings such other and further relief as the Court may deem just and proper.

Dated: March 27, 2017
   New York, New York

      Respectfully submitted,

      KILPATRICK TOWNSEND & STOCKTON LLP


      By: _____
        Ian M. Goldrich
      1114 Avenue of the Americas
      New York, NY 10036
      Telephone: (212) 775-8700
      Facsimile: (212) 775-8800
      Email: igoldrich@kilpatricktownsend.com


      Joseph S. Dowdy (admitted *pro hac vice*)
      4208 Six Forks Road, Suite 1400
      Raleigh, NC 27609
      Telephone: (919) 420-1700
      Facsimile: (919) 510-6120
      Email: jdowdy@kilpatricktownsend.com


      *Attorneys for Defendant*

12637043V.5 101852/1029858